AUTO OWNERS INSURANCE COMPANY v AUSTIN

Docket No. 74189. Submitted November 14, 1984, at Grand Rapids.—
Decided January 4, 1985.

Glenn Cronk was driving down a road in Ionia County one night when he hit a cow which belonged to Charles Austin. The cow was in the middle of the road at the time of the accident. Auto Owners Insurance Company, Cronk's no-fault insurer, paid for the damage to Cronk's car and filed suit against Austin in district court, as subrogee to Cronk seeking to recover the amount it had paid to Cronk. The district court granted a directed verdict in favor of defendant, finding that negligence must be proven against the owner of an animal running at large before damages can be recovered from the owner for damage caused by the animal and that plaintiff failed to establish negligence on the part of defendant. Plaintiff appealed to the Ionia Circuit Court, which reversed the district court's ruling, finding that the statute governing the liability of owners for damage caused by animals running at large imposes strict liability on the owners and negligence need not be proven, Charles W. Simon, Jr., J. Defendant appealed. *Held:*

The express language of the statute at issue imposes strict liability upon the owner of an animal running at large which causes property damage. The circuit court correctly reversed the district court's directed verdict for defendant.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

A statute which is clear and unambiguous is not open to construction.

2. ANIMALS — RUNNING AT LARGE — STRICT LIABILITY.

The owner of an animal running at large is strictly liable for any

REFERENCES

Am Jur 2d, Animals §§ 40 *et seq.*

Am Jur 2d, Statutes §§ 142 *et seq.*

Liability of owner of animal for damage to motor vehicle or injury to person riding therein resulting from collision with domestic animal at large in street or highway. 29 ALR4th 431.

property damage caused by the animal while at large (MCL 433.13; MSA 18.789[3]).

*O'Connor, McNamara & O'Keefe* (by *John P. O'Keefe*), for plaintiff.

*Clary, Nantz, Wood, Hoffius, Ranking & Cooper* (by *Stanley J. Stek*), for defendant.

Before: MacKenzie, P.J., and V. J. Brennan and R. E. Robinson,* JJ.

Per Curiam. Glenn Cronk was driving down a road in Ionia County one night when he hit defendant's cow, which was in the middle of the road. Plaintiff paid Cronk $1,641.95 under his collision insurance policy for damage done to Cronk's car. Plaintiff then commenced this action as subrogee to its insured, seeking this amount. The only dispute is whether plaintiff must show that defendant was negligent in order to recover damages under the "animal running at large" act, MCL 433.11 *et seq.;* MSA 18.789(1) *et seq.*

The statute provides:

"(1) A person who sustains any loss of, or damage to, property by an animal running at large may demand reasonable compensation from the owner of the animal as reparation for the loss or damage or as ordered by the court." MCL 433.13; MSA 18.789(3).

A statute which is clear and unambiguous is not open to construction. *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959). The only statutory requirements are that a person sustain loss or damage to property and that it be caused by an animal running at large. As the above-quoted

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

provision is not ambiguous, we may not read into it an additional requirement that the injured party may be compensated only if the animal's owner was negligent.

The present act repealed a statutory provision, MCL 433.1; MSA 18.781, which merely made it unlawful to permit certain animals to run at large on public highways, without providing a remedy. The old statute was ambiguous; the present one is not.

Defendant's reliance on MCL 433.12(2); MSA 18.789(2)(2) lacks merit. The culpability element in that criminal provision need not be read into the section providing for a civil remedy.

We are constrained by the express language of the statute to conclude that it imposes strict liability upon the owner of an animal running at large which causes property damage. The circuit court correctly reversed the district court's directed verdict for defendant.

Affirmed.